**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| MARIA del CARMEN ESPARZA, individually and as the next best friend to MIGUEL ANGEL ESPARZA, a minor child, JUAN ESPARZA MANCILLA, a minor child, MANUEL ESPARZA-MANCILLA, a minor child, MELISSA ESPARZA MANSILLAS, a minor child, ROLANDO ESPARZA, a minor child, MICHELLE ESPARZA, a minor child, as the Representatives of the ESTATE OF MANUEL ESPARZA, deceased, CANDELARIO ESPARZA, individually, and JAVIER ESPARZA, individually, § § § § § § § § § § § § § § Plaintiffs, § § v. § § MIROSLAW JANUSZ JOZWIAK, KV § TRUCKING, INC., KV EXPRESS, EAGLE § EXPRESS LINES, INC. and STA-DRI § COMPANY, INC. § § Defendants. § | Case No. 4:04-CV-398 (Consolidated with 4:04-cv-454) |

**ORDER GRANTING PLAINTIFFS' MOTION TO ABSTAIN AND REMAND**

Pending before the court is the Plaintiffs' motion to abstain and remand (docket entry #8). Having considered the Plaintiffs' motion and the Defendants' response thereto (docket entry #6), the court finds that the motion to abstain and remand should be granted.

**BACKGROUND**

On September 20, 2004, Defendant Miroslaw Janusz Jozwiak lost control of his semi tractor-trailer power unit and collided with a Ford Expedition as well as a Ford F-150 pick-up truck. Five (5) passengers in the Expedition as well as five (5) of the seven (7) passengers in the pick-up truck

-1-

were killed. The remaining two passengers were injured.

The instant lawsuit was initially brought by representatives of the estate of Manuel Esparza (the "Decedent") on September 24, 2004 against Miroslaw Janusz Jozwiak, KV Trucking, Inc., KV Express, Eagle Express Lines, Inc. and Sta-Dri Company, Inc. in the 193rd Judicial District Court of Dallas County, Texas.[1] The Decedent was employed by Defendant Sta-Dri Company, Inc. ("Sta-Dri") at the time of the accident. The Decedent was allegedly within the course and scope of his employment with Sta-Dri when the accident occurred. The Decedent was the driver of the pick-up truck which was carrying six (6) other passengers who were also employed by Sta-Dri.

The Plaintiffs are seeking to recover exemplary damages for the gross negligence of Sta-Dri pursuant to § 408.001 of the Texas Labor Code. The Plaintiffs argue that Sta-Dri was grossly negligent by causing the Decedent as well as the six other employees to travel on the public highways in a vehicle incapable of adequately seating seven individuals.

Based on diversity jurisdiction, the Defendants removed the Plaintiffs' lawsuit to the United States District Court for the Northern District of Texas – Dallas Division on October 25, 2004, asserting that the Plaintiffs fraudulently joined Sta-Dri, a Texas corporation, in order to defeat diversity jurisdiction. Thereafter, on November 24, 2004, the Plaintiffs filed a second amended petition, joining the surviving passengers (Candelario Esparza and Javier Esparza) as Plaintiffs.[2] On the same date, the Plaintiffs filed their motion to abstain and to remand. On December 10, 2004, the

---

[1] For purposes of this order, the court is only concerned with the claims brought against Sta-Dri.

[2] In their second amended petition, the Plaintiffs maintain that Sta-Dri was grossly negligent. Additionally, the Plaintiffs contend that since Sta-Dri paid its employees for their travels to and from their places of work, Sta-Dri was negligent in failing to provide appropriate training and transportation to its employees.

United States District Court for the Northern District of Texas transferred the instant lawsuit to this court.

In their motion to abstain and remand, the Plaintiffs argue that their claims against Sta-Dri arise under the Texas workers' compensation laws and are, therefore, not removable to a federal court.  *See* 28 U.S.C. § 1445(c).  The Plaintiffs further argue that since Sta-Dri is a Texas corporation, complete diversity has been destroyed.  In response, the Defendants contend that the Plaintiffs' wrongful death claim for gross negligence does not arise under the Texas workers' compensation laws; accordingly, removal is not barred.[3]  The Defendants additionally argue that since the Plaintiffs cannot demonstrate any possibility of recovery against Sta-Dri, Sta-Dri was improperly joined.

## DISCUSSION AND ANALYSIS

### A.   TEXAS WORKERS' COMPENSATION LAWS

Title 28 U.S.C. § 1445(c) states as follows:  "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."  "[A] case 'arises under' the workmen's compensation laws if 'the workers' compensation statute *creates* the cause of action and the claim arises under that law.'" *Castillo v. Angelo Iafrate Construction, L.L.C.*, 2003 WL 22287637, *2 (N.D. Tex. 2003), citing *Patin v. Allied Signal, Inc.*, 77 F.3d 782, 788 (5th Cir. 1996) (emphasis added).  It is undisputed that Sta-Dri subscribed to workers' compensation insurance at the time of the September 20, 2004 accident.

---

[3]In their analysis, the Defendants did not address the impact of 28 U.S.C. § 1445(c) on the surviving Plaintiffs' claims against Sta-Dri.

### 1.   *Candelario Esparza and Javier Esparza*

Candelario Esparza and Javier Esparza, the surviving Plaintiffs, pled claims of negligence and gross negligence pursuant to § 408.001 of the Texas Labor Code. Section 408.001 of the Texas Labor Code provides as follows:

> (a) Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee.
>
> (b) This section does not prohibit the recovery of exemplary damages by the surviving spouse or heirs of the body of a deceased employee whose death was caused by an intentional act or omission of the employer or by the employer's gross negligence.

(Vernon 1996); *see Castillo, supra.*

"[T]he Workers' Compensation Act exempts employers from common law liability based on negligence or gross negligence, *except in death cases for exemplary damages* as provided for in Article 8306, Section 5." *Callis v. Union Carbide Chem. and Plastics Corp.*, 932 F.Supp. 168, 170 (S.D. Tex. 1996) (emphasis added), citing *Castleberry v. Goolsby Bldg. Corp.*, 617 S.W.2d 665, 666 (Tex. 1981).[4] Accordingly, the surviving Plaintiffs' negligence and gross negligence claims are barred by the Workers' Compensation Act. Since the surviving Plaintiffs' exclusive remedy is the recovery of workers' compensation benefits, the surviving Plaintiffs' claims arise under the workers' compensation laws of the State of Texas and may not be removed to this court. 28 U.S.C. 1445(c).

### 2.   *Manuel Esparza*

The representatives of Manuel Esparza pled a claim for gross negligence, seeking the

---

[4] "Article 8306, Section 5 is the statutory predecessor to article 8308-4.01 of the Workers' Compensation Act and section 408.001 of the Texas Labor Code." *Callis*, 932 F.Supp. at 171 n. 4.

recovery of exemplary damages pursuant to § 408.001 of the Texas Labor Code. *See Castillo*, 2003 WL 22287637, *2. The Defendants argue that § 408.001 does not create a cause of action for the recovery of exemplary damages. Rather, the Defendants argue that a wrongful death claim for gross negligence and exemplary damages arises under the Wrongful Death Act (TEX. CIV. PRAC. & REM. CODE ANN. § 71.001 *et seq.*) and that "section 408.001(b) merely saves a preexisting cause of action and thus does not 'arise under' the Texas workers' compensation laws." *Castillo, supra.*

The Defendants advised the court that a district judge from the Southern District of Texas issued an opinion contrary to their position in *Sbrusch v. Dow Chemical Co.*, 124 F.Supp.2d 1090 (S.D. Tex. 2000) (Kent, J.). This court, as well as the United States District Court for the Northern District of Texas, also issued opinions in contradiction to the Defendants' position. *See Wyble v. E.I. DuPont de Nemours & Co.*, 17 F.Supp.2d 641 (E.D. Tex. 1998) (Schell, J.); *Castillo, supra.* (Lindsay, J.). In the *Wyble* case, this court, in considering the issue of fraudulent joinder in connection with a motion to remand, concluded that "as a matter of law, a wrongful death cause of action for gross negligence does exist under the Texas Workers' Compensation Act." *Wyble*, 17 F.Supp.2d at 645. The court concludes, therefore, that the Plaintiffs' claims arise under the Texas workers' compensation laws and may not be removed to this court. *See Castillo*, 2003 WL 22287637, *4; 28 U.S.C. § 1445(c). Accordingly, the court remands this case to the 193rd Judicial District Court of Dallas County, Texas.

### B.    IMPROPER JOINDER

Since this case must be remanded to state court pursuant to 28 U.S.C. § 1445(c), the issue of improper joinder is moot. *See Castillo*, 2003 WL 22287637, *4. Accordingly, the court is not required to address the Defendants' improper joinder arguments. *See id.*

### C. ATTORNEY'S FEES AND EXPENSES

The Plaintiffs have requested an award of attorney's fees and expenses. An order remanding a case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The decision to award costs and attorney's fees is a discretionary one. *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993). Courts do not, however, award costs simply because removal was improper. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292-93 (5th Cir. 2000). Instead, courts must consider all of the circumstances surrounding removal and the degree to which removal was improper before deciding whether to award costs to the non-removing party. *Miranti*, 3 F.3d at 928-29. After careful consideration, the court declines to award the Plaintiffs their attorney's fees and expenses.

### CONCLUSION

Based on the foregoing, the court hereby **GRANTS** the Plaintiffs' motion to abstain and to remand (docket entry #8). The instant lawsuit is hereby **SEVERED** from cause number 4:04-cv-398 and is restored to its original cause number, 4:04-cv-454. Cause number 4:04-cv-454 is **REMANDED** to the 193rd Judicial District Court of Dallas County, Texas.

IT IS SO ORDERED.

**SIGNED this the 18th day of May, 2005.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE