IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MARIA del CARMEN CONTRERAS, et al. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 4:04-CV-398 |
| | § | |
| KV TRUCKING, INC., et al. | § | |
| | § | |
| Defendants. | § | |

### ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE
### DAMAGES FOR LOST EARNING CAPACITY

Pending before the court is the Defendants' "Motion for to Exclude Damages for Lost Earning Capacity", filed on September 18, 2007 (docket entry #251). Having considered the Defendants' motion and the Plaintiffs' and Intervenors' response in opposition thereto (docket entry #263), the court finds that the motion should be denied.

The Defendants argue that the Immigration Reform and Control Act ("IRCA") preempts Texas law to the extent that Texas law permits illegal aliens to recover for lost earning capacity. However, the Defendants' "contention seems to be in the nature of a federal preemption defense, which is an affirmative defense and must be raised in the" pleadings. *Tyson Foods, Inc. v. Guzman*, 116 S.W.3d 233, 244 (Tex. App. – Tyler 2003, *no pet.*). Here, the Defendants did not plead the affirmative defense of preemption; therefore, it is waived. *See id*. However, even if the Defendants did not waive the defense, their motion would still be denied. "Texas law does not require citizenship or the possession of immigration work authorization permits as a prerequisite to recovering damages for lost earning capacity." *Id.*; *see also Madeira v. Affordable Housing*

*Foundation, Inc.*, 469 F.3d 219, 228 (2nd Cir. 2006).  It is, therefore,

**ORDERED** that the Defendants' "Motion for to Exclude Damages for Lost Earning Capacity", filed on September 18, 2007 (docket entry #251) is **DENIED**.

**SIGNED this the 21st day of September, 2007.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE