IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MARIA del CARMEN CONTRERAS, et al. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 4:04-CV-398 |
| | § | |
| KV TRUCKING, INC., et al. | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE EVIDENCE
OF MEDICAL EXPENSES NOT ACTUALLY PAID**

Pending before the court is the Defendants' "Motion to Exclude Evidence of Medical Expenses Not Actually Paid", filed on September 18, 2007 (docket entry #252). Having reviewed the Defendants' motion and the Plaintiffs and Intervenors' response thereto (docket entry #261), the court finds that the Defendants' motion should be denied.

In their motion, the Defendants move to prohibit the introduction of the full amount of the Intervenors' medical bills. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 41.0105. The Defendants seek to limit the evidence concerning the Intervenors' medical expenses to those amounts actually paid or incurred.

Although the Defendants contend that the Eastern District of Texas has not yet issued an opinion interpreting TEX. CIV. PRAC. & REM. CODE ANN. § 41.0105, the court notes otherwise. In *Coppedge v. K.B.I., Inc.*, 2007 WL 1989840, *3 (E.D. Tex. July 3, 2007) (Giblin, J.), the court concluded that "Section 41.0105 speaks not to the admissibility of medical records, but to the recovery of plaintiff; two Texas appellate courts have discussed the trial court's reduction pursuant

to the statute after jury verdict; and the introduction of medical bills reflecting amounts that are 'written' off or 'adjusted' would suggest to a reasonable juror that insurance was involved and only serve to confuse them or complicate the issue." *Id*. The court agrees with the *Coppedge* court's interpretation of the statute. It is, therefore,

**ORDERED** that the Defendants' "Motion to Exclude Evidence of Medical Expenses Not Actually Paid", filed on September 18, 2007 (docket entry #252) is **DENIED**. The Intervenors may present the full amount of medical expenses that were charged by their medical providers. *See id*. "Any effort to present evidence of discounts, adjustments, reductions, or write-offs, would inject collateral source payments into the trial and the relevance of such information would be outweighed by the unfair prejudice it would cause [the Intervenors]". *Id*.

IT IS SO ORDERED.

**SIGNED this the 21st day of September, 2007.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE